10 F.3d 13
 304 U.S.App.D.C. 35
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
NATIONAL TREASURY EMPLOYEES UNION, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
 No. 92-1335.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 10, 1993.
 
 Before: SILBERMAN and RANDOLPH, Circuit Judges, and FRANK M. COFFIN,* Senior Circuit Judge, United States Court of Appeals for the First Circuit.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on a petition for review of an order of the Federal Labor Relations Authority, and was briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the petition for review of the order of the Federal Labor Relations Authority is hereby denied for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 The National Treasury Employees Union petitions for review of an order of the Federal Labor Relations Authority which held that three NTEU bargaining proposals were nonnegotiable. The NTEU sought to bargain with the Internal Revenue Service over proposals permitting employees of the IRS' Martinsburg Computing Center to consume food and drink in computer rooms and in the computer tape library. Insisting that the proposals were improper subjects of negotiation, the IRS refused to negotiate.
 
 
 5
 The NTEU sought the FLRA's review of the IRS' decision not to negotiate over the proposals. Before the Authority, the IRS argued that the NTEU proposals directly interfered with two management rights: setting internal security practices and determining technology, methods, and means of performing its work. Moreover, the proposals were also inappropriate arrangements for adversely affected employees because the proposals excessively interfered with management's rights. Specifically, the IRS contended that a complete prohibition of food and drink from the computer rooms and tape library was necessary to safeguard the computer equipment and the magnetic tapes. Given the chance of a spill of food or drink on this sensitive equipment, the IRS declared that the proposals were inappropriate arrangements.
 
 
 6
 In NTEU's response before the FLRA, the union maintained that the proposals did not directly interfere with management rights to determine the technology, method, and means of performing work. The NTEU also argued that even if the proposals directly interfered with management rights, the proposals were appropriate arrangements. The Union never asserted that its proposals did not directly interfere with the IRS' internal security practices.
 
 
 7
 In its decision and order, the Authority decided that the proposals directly interfered with management rights to set internal security practices. After applying a balancing test to decide whether the proposals were appropriate arrangements, the FLRA concluded that the proposals excessively interfered with the IRS' management rights and dismissed the NTEU's petition for review.
 
 
 8
 The NTEU sought review of the Authority decision. Raising an argument that it had not raised below, the NTEU asserted that its proposals did not directly interfere with the IRS' right to safeguard internal security. The NTEU urged us to hold that where proposals met the internal security goals of the agency, though differing in the means, the proposals did not directly interfere with internal security management rights. The Union also sought to bring a broad challenge to the methodology the Authority uses to evaluate whether proposals impinge on management's efforts to maintain internal security--claiming that it is inconsistent with the Authority's analysis of other management rights.
 
 
 9
 Because the NTEU failed to assert that its proposals did not directly interfere with the IRS' internal security practices before the FLRA, we lack the authority to hear it. Under 5 U.S.C. Sec. 7123(c), objections not urged before the FLRA will not be considered by the courts of appeals. United States Department of Commerce v. FLRA, No. 92-1171, slip op. at 4-6, (D.C.Cir. Oct. 22, 1993).
 
 
 10
 The NTEU also maintained that the proposals were appropriate arrangements for adversely affected employees. The NTEU asserted that the Authority had misapplied its multi-factor balancing test, alleging that there was no evidence supporting the conclusion that the proposals adversely impacted the IRS' ability to protect its equipment. The NTEU argued that the proposals were appropriate arrangements and sought a reversal of the FLRA's determination that the proposals excessively interfered with management rights. We have reviewed the record and conclude that it sufficiently supports the weights assigned by the FLRA to the interests of the adversely affected employees and to the concerns of the IRS. On this record, we decline the invitation to second-guess the FLRA. "We afford considerable deference to the FLRA's balancing of management and employee interests under its 'excessive interference' test, and we see no principled reason for not accepting its determination here." United States Department of Treasury, Office of the Chief Counsel, Internal Revenue Service v. Federal Labor Relations Authority, 960 F.2d 1068, 1074 (D.C.Cir.1992).
 
 
 11
 Accordingly, the union's petition for review is denied.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 294(d)